**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

January 21, 2026

Daniel A. Mason, Esquire
Miranda N. Gilbert, Esquire
Paul Weiss Rifkind Wharton
  & Garrison LLP
1313 North Market Street, Suite 806
Wilmington, Delaware 19801

Elena C. Norman, Esquire
Richard J. Thomas, Esquire
Alex B. Haims, Esquire
Young Conaway Stargatt
  & Taylor, LLP
1000 North King Street
Wilmington, Delaware 19801

RE:   *Datto, LLC v. Project Orca d/b/a Slide*,
       C.A. No. 2025-0975-LWW

Dear Counsel,

I write regarding the various motions pending on the docket. The pending motions include the defendant's motion to compel depositions,[1] the plaintiff's emergency motion for expedited briefing,[2] the defendant's motion to strike trade secret claims,[3] and the defendant's request for leave to move for summary judgment.[4] For efficiency's sake, I have endeavored to resolve these matters below.

This expedited action involves claims by plaintiff Datto, LLC alleging trade secret misappropriation by defendant Project Orca, Inc. d/b/a Slide. The parties

---

[1] Dkts. 98, 109, 119.

[2] Dkts. 102, 117; *see also* Dkt. 105.

[3] Dkts. 80, 104.

[4] Dkts. 83, 101.

previously stipulated to an expedited case schedule culminating in a trial beginning April 20, 2026.[5] Recently, though, a dispute has arisen over Datto's intention to amend its complaint to add claims related to employee restrictive covenants, which Datto reveals came to light during discovery. Slide intends to oppose the amendment and a related request to extend the schedule, arguing that the trial date must be preserved to limit any reputational harm. This disagreement has resulted in a standoff with Datto refusing to produce fact witnesses for deposition until the scope of its claims is resolved.

Specifically, after learning of the potential amendment, Slide noticed seven fact depositions to occur before the January 23 discovery cutoff. Datto declined to produce those witnesses while its motion to amend remained pending, citing the risk of duplicative discovery. This impasse precipitated the filing of competing motions to compel and for emergency relief in rapid succession.

After considering the relevant filings, I conclude that a modest reset of the schedule is needed to ensure the efficient administration of this case. Proceeding with depositions or requiring the conclusion of fact discovery before the pleadings are settled risks duplicative discovery and wasted resources. Thus, to resolve the

---

[5] Dkt. 63.

pending procedural disputes and allow for a resolution on the merits, we will proceed as follows.

1.  <u>Motion to Amend</u>:  Datto's request for expedited briefing on its motion for leave to file an amended complaint is granted.  Prompt briefing on the motion is necessary to define the scope of the operative pleading and allow discovery to proceed without further delay.  The motion to amend was filed on January 9.[6]  Unless the parties agree otherwise, Slide must file its opposition to the motion to amend by January 26 and Datto must file its reply by January 29, 2026.  I expect to resolve the motion on the papers.

2.  <u>Discovery Stay</u>:  Datto's request for an interim extension of the fact discovery deadline is granted.  The January 23 deadline is vacated.  Depositions are stayed pending the resolution of the motion to amend.  Slide's motion to compel depositions is denied as moot.  Once the pleadings are settled, the parties must meet and confer to schedule depositions as promptly as practicable.

3.  <u>Motion to Strike</u>:  Slide's motion to strike Datto's identification of trade secrets will be resolved concurrently with the motion to amend.  Any reply in support of the motion to strike must be filed by January 26.  I expect to resolve the motion on the papers.

---

[6] Dkt. 96.

4.    <u>Summary Judgment</u>:  Slide's request for leave to move for summary judgment is denied without prejudice.  It is inefficient to entertain summary judgment on the original complaint while a motion to amend that pleading is pending.  Slide may raise its legal arguments on preemption and non-actionable statements in response to the amended complaint, in pre-trial briefing, or in a future request for leave to move for summary judgment, as appropriate.

5.    <u>Trial Date</u>:  The trial set for April 20, 2026 will be adjourned to May or June 2026.  This brief extension accommodates the resolution of the pleadings while respecting Slide's interest in a prompt trial.  Counsel must confer with chambers to secure specific dates.

IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor